**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-4553**

UNITED STATES OF AMERICA,

            Plaintiff - Appellee,

     v.

RANDALL CORNETTE,

            Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Asheville.  Lacy H. Thornburg, District Judge.  (1:08-cr-00056-MR-1)

Submitted:  August 20, 2010          Decided:  September 15, 2010

Before SHEDD, DUNCAN, and DAVIS, Circuit Judges.

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

Eric H. Imperial, LAW OFFICES OF ERIC H. IMPERIAL, Washington, D.C., for Appellant.  Amy Elizabeth Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Randall Cornette appeals his conviction and 220-month sentence for possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1) (2006). Cornette's attorney filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), contending that there are no meritorious issues on appeal. Cornette filed a pro se supplemental brief and the Government elected not to file a brief.[1] For the reasons that follow, we affirm Cornette's conviction but vacate his sentence and remand for resentencing.

"Regardless of whether the sentence imposed is inside or outside the [g]uidelines range, the appellate court must review the sentence under an abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 51 (2007). Appellate courts are charged with reviewing sentences for both procedural and substantive reasonableness. Id.

In determining procedural reasonableness, we first assess whether the district court properly calculated the defendant's advisory guidelines range. Id. at 49-50. We then

_____

[1] Though Cornette waived his right to appeal in his plea agreement, the Government has not sought enforcement of the waiver. Accordingly, we will conduct our review pursuant to Anders. United States v. Poindexter, 492 F.3d 263, 271 (4th Cir. 2007) (stating that, if Anders brief is filed in case with appeal waiver, Government's failure to respond "allow[s] this court to perform the required Anders review").

determine whether the district court failed to consider the 18 U.S.C. § 3553(a) (2006) factors and any arguments presented by the parties, treated the guidelines as mandatory, selected a sentence based on "clearly erroneous facts," or failed to sufficiently explain the selected sentence. Id. at 51; United States v. Pauley, 511 F.3d 468, 473 (4th Cir. 2007). Finally, we review the substantive reasonableness of the sentence, "taking into account the 'totality of the circumstances, including the extent of any variance from the [g]uidelines range.'" Pauley, 511 F.3d at 473 (quoting Gall, 552 U.S. at 51).

Our review of the record as required by Anders leads us to conclude that the district court committed procedural error by failing to adequately explain Cornette's sentence. "When rendering a sentence, the district court 'must make an individualized assessment based on the facts presented.'" United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009) (quoting Gall, 552 U.S. at 50). An individualized assessment results from the application of the relevant 18 U.S.C. § 3553(a) (2006) factors to the particular circumstances of the defendant. Id.. Additionally, the district court must articulate, in open court, the particular reasons behind its sentence, "set[ting] forth enough to satisfy the appellate court that [the district judge] has considered the parties' arguments and has a reasoned

3

basis for exercising his own legal decisionmaking authority." Id. (quoting Rita v. United States, 551 U.S. 338, 356 (2007)). A court's failure to satisfactorily articulate its individualized assessment constitutes reversible error. Id.

Here, the district court provided no explanation whatsoever for its chosen sentence, but merely noted in conclusory terms that it had considered the § 3553(a) factors. As the record does not demonstrate that the district court conducted the requisite individualized assessment, and the court did not provide reasoning for its chosen sentence sufficient to permit effective appellate review, we hold that Cornette's sentence is not procedurally reasonable. Cornette's attorney argued for a sentence different than that ultimately imposed, thereby preserving this issue for appeal. See United States v. Lynn, 592 F.3d 572, 578 (4th Cir. 2010) ("By drawing arguments from § 3553 for a sentence different than the one ultimately imposed, an aggrieved party sufficiently alerts the district court of its responsibility to render an individualized explanation addressing those arguments, and thus preserves its claim."). Accordingly, we conclude that the district court's failure to adequately explain Cornette's sentence renders his sentence procedurally unreasonable, requiring the sentence be vacated.

In accordance with <u>Anders</u>, we have examined the entire record for any other meritorious issues and have found none.[2] We therefore affirm Cornette's conviction, vacate his sentence, and remand for resentencing in accordance with <u>Carter</u>. We dispense with oral argument because the facts and legal contentions are adequately expressed in the materials before the court and argument will not aid the decisional process.

<u>AFFIRMED IN PART,</u>
<u>VACATED IN PART,</u>
<u>AND REMANDED</u>

---

[2] Additionally, we have reviewed the issues raised in Cornette's pro se supplemental brief and find them to be without merit.